## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

LANDON M. BRYANT                                                                                    PLAINTIFF
ADC #164418

V.                                    No. 4:22-CV-868-JM-JTR

STEVEN JONES, C.O., Dub Brassell
Detention Center; SAM BAKER,
Lieutenant, Dub Brassell Detention
Center; CODY JACOBS, Corporal,
Dub Brassell Detention Center;
CLEAVETTE SLOAN, Deputy, Dub
Brassell Detention Center; GORMAN,
Chief; and JUDY BROWNLY                                                                          DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction

Plaintiff Landon M. Bryant ("Bryant") is incarcerated in Cummins Unit of the Arkansas Division of Correction. His claims in this case arrise from the time he was in custody at the Dub Brassell Detention Center (the "Detention Center"). Bryant's *pro se* § 1983 Complaint, as amended, alleges that Correctional Officer Steven Jones, Lieutenant Sam Baker, Corporal Cody Jacobs, Deputy Cleavette Sloan, Chief Gorman, and Judy Brownly (collectively, "Defendants") violated his constitutional rights. *Docs. 2, 5, 8, 9, 15*.

## II. Discussion

Before Bryant can proceed with his claims, 28 U.S.C. § 1915A requires the Court to screen his Complaint, which "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added); *see also* Fed. R. Civ. P. 8(d) (allegations must be "simple, concise, and direct"). "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Iqbal*, 556 U.S. at 678. Finally, a prisoner's § 1983 Complaint must allege facts sufficient to show how each defendant was *personally involved* in the alleged constitutional wrongdoing. *Id*. at 676 (emphasis added).

### A. Bryant's Allegations

Bryant filed a Complaint, Amended Complaint, Supplement, Second Amended Complaint, and Third Amended Complaint. *Docs. 2, 5, 8, 9, 15*. As the Court of Appeals for the Eighth Circuit has indicated, pleadings should be read together and construed so as to do justice. *Kiir v. N. Dakota Pub. Health*, 651 F. App'x 567, 568 (8th Cir. 2016); *Cooper v. Schriro*, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam). Accordingly, the Court will treat Bryant's allegations as if set out in one Complaint.

Bryant sued Defendants in their personal and official capacities. *Doc. 2 at 1–2*. He alleges that the conditions of his confinement at the Detention Center were unlawful, among other allegations.

Bryant was arrested on August 29, 2021 on one charge of breaking or entering and taken to the Detention Center. Doc. 9 at 2; *State v. Bryant*, 35CR-21-486 (Circuit Court, Jefferson Cnty., Ark.). Bryant asserts that he was never issued a bath towel. *Doc. 2 at 4; Doc. 9 at 2, 4*. Bryant requested a towel from Jacobs. Jacobs told Bryant that he should buy a towel from the commissary because the Detention Center does not issue towels. *Doc. 2 at 4; Doc. 9 at 2*. Another inmate gave Bryant a towel. *Doc. 9 at 2*.

Between December 23, 2021 and January 5, 2022, Bryant was not issued a clean jumpsuit. *Doc. 2 at 5; Doc. 9 at 1*.

Bryant alleges that he was denied toilet paper on January 3, 2022 when Jones mistakenly gave Bryant's toilet paper to another inmate. *Doc. 2 at 4; Doc. 9 at 1*. He was also denied a hygiene pack on August 29, 2022 and an "orange laundry bag which contained socks, boxers, and a towel." *Doc. 9 at 3, 4*.

According to Bryant, on January 30, 2022, Jones, Baker, and Sloan were aware that the meat served at dinner was rotten and then asked inmates to throw their meals away. *Doc. 2 at 4; Doc. 9 at 1, 3*. Sloan yelled at Bryant in the process. *Doc. 2 at 4*. Further, on occasion a C.O. will "mess up" and give an inmate two trays, leaving one inmate without a meal. *Doc. 2 at 6; Doc. 9 at 1*.

Gorman interfered with Bryant's *in forma pauperis* forms, taking seven months to return the completed forms to Bryant. *Doc. 2 at 6*.

On March 21, 2022, Bryant pled guilty in the Circuit Court of Jefferson County to the sole charge pending against him. *State v. Bryant*, 35CR-21-486.

Bryant maintains that the Detention Center provides cleaning supplies only once a week, and that sinks and toilets are never disinfected. *Doc. 2 at 5; Doc. 8 at 1; Doc. 9 at 1–2*. He claims this puts all inmates at an increased risk of Covid-19 infection. *Doc. 2 at 5; Doc. 9 at 1–2*. Additionally, Bryant says quarantine procedures are not followed and there is no Covid-19 testing for incoming inmates. *Doc. 2 at 6; Doc. 9 at 1–2, 3*.

In October 2022, Brownly interfered with Plaintiff's *in forma pauperis* forms. Doc. 5 at 1.

Bryant complains that in November 2022, eight days passed without cleaning supplies, and clothes went unlaundered for nine days. *Doc. 8 at 1-2*; *Doc. 9 at 4, 5*. On November 9, 2022 an inmate defecated in the shower and cleaning supplies were not provided for 11-and-a-half hours. *Doc. 8 at 1*. Additionally, Bryant says the Detention Center was overcrowded, with inmates sleeping on the floor as a result. *Doc. 8 at 1, 2*; *Doc. 9 at 5*.

During a January 12, 2023 shakedown, Bryant's towel that he purchased from the commissary was taken and not returned. *Doc. 15 at 1*.

Bryant also alleges that for the entire time he was housed in the Detention Center, the lights were on 24 hours a day, and that mice fell from the ceiling and opened commissary items. *Id*.

Bryant seeks injunctive relief and damages. *Doc. 2 at 7; Doc. 9 at 6*.

**B.  Deficiencies in Bryant's Complaint**

    **1.  Occurrences After This Lawsuit Was Filed**

Plaintiff filed this lawsuit on September 20, 2022. *Doc. 2*. In his pleadings, he complains of incidents that occurred after that date.

It is well settled that a prisoner must fully exhaust his administrative remedies as to *each claim* prior to commencing his lawsuit in federal court.  *See* 28 U.S.C. §

1997e(a); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000) (emphasis added). Certain claims Bryant added in his Amended Complaints occurred after he commenced this action on September 20, 2022. For example, Bryant complains of a lack of cleaning supplies in November 2022 and that Brownly interfered with his *in forma pauperis* paperwork in October 2022. Bryant also complained of unsanitary conditions and overcrowding in October and November, 2022. But he could not have exhausted those claims before filing this action. As such, claims arising from incidents occurring after this case was filed are best brought in a different lawsuit.

### 2. Access to the Courts

Bryant claims Gorman delayed returning Bryant's *in forma pauperis* forms for seven months. *Doc. 2 at 6*. The Court interprets these allegations as an access to the courts claim. To state a viable access to the courts claim, a plaintiff must allege actual injury, which is "the hindrance of a nonfrivolous and arguable meritorious underlying legal claim." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008). Here, Bryant filed his Complaint on September 20, 2022 and his completed *in forma pauperis* motion on October 27, 2022. He was granted *in forma pauperis* status on December 7, 2022. *Doc. 7*. It is unclear what harm Bryant suffered. Because Bryant has not alleged actual injury, these allegations fail to state a claim on which relief

may be granted. This is analysis applies equally to Bryant's allegation that Brownly interfered with his *in forma pauperis* paperwork.

### 3. One Missed Meal

Bryant alleges that Jones, Baker, and Sloan denied him one meal on January 30, 2022, and that Sloan yelled at him in the process. *Doc. 2 at 4; Doc. 9 at 1, 3*. These allegations do not rise to the level of a constitutional violation. See *Williams v. Harness*, 221 F.3d 1346 (8th Cir. 2000) (per curiam); *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993). To the extent an inmate's missed meal was the result of an officer's mistake, mere negligence is not sufficient to support a cause of action under § 1983. *Stearns*, 957 F.3d at 908 n.5. And to the extent Bryant complains about other inmates missing a meal, he lacks standing to bring those claims. *Hodak v. City of St. Peters*, 535 F.3d 899, 904 (8th Cir. 2008).

### 4. Missing Toilet Paper

Bryant says Jones refused Bryant toilet paper on January 3, 2022 because Jones mistakenly gave the toilet paper to another inmate. This mistake does not rise to the level of a constitutional violation. *Stearns*, 957 F.3d at 908 n.5.

### 5. Other Conditions of Confinement

Bryant was a pretrial detainee at the time of the conditions giving rise to this lawsuit. *Doc. 2 at 3*. A pretrial detainee's conditions of confinement claim is governed by the standard set out by the United States Supreme Court in *Bell v.*

7

*Wolfish*. 441 U.S. 520 (1979); *Stearns v. Inmate Services Corp.*, 957 F.3d 902, 907 (8th Cir. 2020). As announced in *Bell*, pretrial detainees are protected under the Due Process Clause of the Fourteenth Amendment from conditions of confinement that amount to punishment. 441 U.S. at 535. Conditions amount to punishment under *Bell* if the conditions are intentionally punitive, were not reasonably related to a legitimate governmental purpose, or were excessive in relation to that purpose. *Stearns*, 957 F.3d at 907. Mere negligence is insufficient to support a claim under *Bell*. *Id*. at 908 n.5.

Bryant brought this action under 42 U.S.C. § 1983. As mentioned above, a prisoner's § 1983 Complaint must allege facts sufficient to show how each defendant was *personally involved* in the alleged constitutional wrongdoing. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Bryant alleges Jacobs refused to give him a towel on August 29, 2021, instead telling Bryant to buy one from the commissary. *Doc. 2 at 5*. This allegation alone does not establish conditions that amounted to punishment.

Bryant did not explain how any Defendant was personally involved in some of the unlawful conditions of confinement he said he experienced. This includes Bryant's allegations about the cleanliness of the facility and insufficient Covid-19 precautions. Until he does so, Bryant cannot establish liability in connection with these claims.

## III. Conclusion

Bryant failed to plead any facts that establish a constitutional violation. As such, his Complaint, as amended and substituted, should be dismissed for failure to state a claim on which relief may be granted.

IT IS THEREFORE RECOMMENDED THAT:

1. Bryant's Complaint, Amended Complaint, Supplement, Second Amended Complaint, and Third Amended Complaint (*Doc. 2; Doc. 5; Doc. 8; Doc. 9; Doc. 15*) be DISMISSED, without prejudice.

2. The Court RECOMMEND that the dismissal count as a "strike" for the purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g); *see Gonzalez v. United States*, 23 F.4th 788, 789 (8th Cir.), *cert. denied*, 213 L. Ed. 2d 1065, 142 S. Ct. 2837 (2022).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 19th day of September, 2023.

_____
UNITED STATES MAGISTRATE JUDGE